UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BOBBY GILBERT, | Case No. 1:22-cv-1318 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge James E. Grimes, Jr. |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

*Pro se* plaintiff Bobby Gilbert filed this action *in forma pauperis* against the Ohio Department of Rehabilitation and Correction, its legal department, its reclassification committee, Warden K. Black, Deputy Warden R. Azmoun, Investigator L. Walker-Williams, Inspector K. Rose, the rules infraction board, Sergeant David Viner, Correctional Officer C. Kisner, and Lisa Poff. (ECF No. 1.)

Plaintiff, who is currently incarcerated at Mansfield Correctional Institution, challenges the result of disciplinary hearings in which he was found guilty of dealing and selling contraband (March 2021) and engaging in lewd or obscene acts (April 2021 and October 2021). Regarding the March conduct report, Plaintiff alleges that he was found guilty of possessing "possible K2" and that he was not permitted to send the alleged contraband to an outside lab to confirm the drug's authenticity. Regarding the April and October reports, Plaintiff alleges that the charges were false, he could not possibly have engaged in the lewd or obscene acts, and the evidence does not

support the guilty findings. Plaintiff claims that his security classification has been increased two levels because of the disciplinary findings and that he can no longer find a job within the prison.

## GOVERNING LEGAL STANDARD

By separate order, the Court granted Mr. Gilbert's *pro se* motion to proceed *in forma pauperis* (ECF No. 2). Accordingly, because Plaintiff is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim on which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief

above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## ANALYSIS

The Fourteenth Amendment's Due Process Clause protects individuals against the deprivation of life, liberty, or property without due process. U.S. Const. amend. XIV; *Damron v. Harris*, No. 21-3877, 2022 U.S. App. LEXIS 20963, at *6 (6th Cir. July 28, 2022). "[T]hose [individuals] who seek to invoke its procedural protections must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Prisoners have narrower liberty interests than others because "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Therefore, the question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty or property interest. *Wilkinson*, 545 U.S. at 221.

Standing alone, the Due Process Clause confers no liberty interest in freedom from State action taken within the sentence imposed. *Sandin*, 515 U.S. at 480. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221. A prison disciplinary action does not implicate a liberty interest requiring due-process safeguards unless the punishment imposed will inevitably affect the duration of an inmate's sentence, such as loss of good time credit, or inflict an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 487; *Superintendent, Mass. Corr. Inst., Walpole, v. Hill*, 472 U.S. 445, 454 (1985).

Here, there is no indication that Plaintiff was sanctioned with the loss of good time credits. Instead, he alleges that his security classification was increased two levels. Generally, prisoners do not have a protected liberty or property interest in being incarcerated in a particular prison or held under a specific security classification rating. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Cash v. Reno*, No. 97-5220, 1997 U.S. App. LEXIS 36766, 1997 WL 809982, at *1 (6th Cir. Dec. 23, 1997). The only exception to that rule occurs where the inmate has been reclassified to supermax prison that imposes significant restrictions on movement beyond what is typically imposed in a maximum security prison. *Wilkinson*, 545 U.S. at 224.

Plaintiff was not transferred to a supermax prison, nor did he have his security classification rating raised to that degree. Rather, he alleges that his security

4

classification was raised from a Level 1 to a Level 3. But Level 3 classification does not impose restrictions on inmates that are atypical or pose significant hardships in relation to ordinary prison life. Level 3 inmates are still "considered General Population, but [it] is designed for inmates who are more likely to, or have previously engage(d), in disruptive prison behavior." *See* https://drc.ohio.gov/policies/classification (last visited Oct. 24, 2022). Based on the foregoing, the petition lacks facts suggesting Plaintiff was deprived of a protected liberty or property interest requiring due-process safeguards. Therefore, Plaintiff fails to state a claim on which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: October 24, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio

5